| United States District Court | Southern District of Texas |
|---|---|

| Fannie Mae, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-13-1558 |
| | § | |
| Maxey Holdings, LLC, et al., | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1.  *Introduction.*

    Two men guaranteed a note for a company. The company owes under the note, and it has not paid. The holder of the note sued the two men for payment. The holder will prevail.

2.  *Background.*

    In August of 2008, Maxey Holdings, LLC, signed a note for $4,680,000. The note was secured by a vendor's lien and deed of trust for an apartment complex. Randall Crawford and Donald Self guaranteed the note – promising to pay if Maxey did not.

    In the note, ordinarily, the holder's only recourse is the collateral – the apartments. However, several provisions impose liability on Maxey for deficiencies – money owed beyond the value of the collateral. One provision includes granting, creating, or attachment of a lien, encumbrance, or security interest.

    In May of 2012, Maxey stopped paying. By that time, six liens had attached to the apartments. Fannie Mae, the holder of the note, accelerated the indebtedness and notified Maxey, Crawford, and Self of the default. The apartments were sold at a foreclosure sale on August 7, 2012.

    Fannie Mae sued Maxey, Crawford, and Self for the deficiency – the difference between the balance of the note and the amount obtained at the foreclosure sale.

    Maxey did not answer this suit and default judgment was granted against it.

3. *Materiality.*

Self and Crawford say that the attachment of six liens was not a material breach of the contract. They say that the material breach was not paying the note, and that Fannie Mae raised the breach of the lien provision two months after the original default – fishing for a way to hold them liable.

Under the terms of the note, if Maxey did not pay, the holder could foreclose the collateral. The collateral and right of foreclosure are only beneficial to the holder of the note to the extent that the collateral is valuable. Allowing liens to attach diminishes the value of the collateral and jeopardizes the holder's security. The lien provision avoids moral hazard and motivates Crawford and Self to maintain the value of the collateral.

Assuming the liens that attached to the apartments did not diminish their value to Fannie Mae, they still cloud the title and invite litigation and other expenses which impair the collateral's value and jeopardize Fannie Mae's security.

Requiring Fannie Mae to first raise the breach of the lien provision ignores reality and the terms of the note. Fannie Mae had no reason to know of liens until after Maxey stopped paying. It would be impractical to require Fannie Mae to continuously monitor the real-property records for liens. The note does not require that this breach be raised first or contemporaneously with another breach.

The breach of the lien provision is a material breach of the contract.

4. *Validity.*

Self says that all of the liens against the apartment complex were paid or are unenforceable.

That is not the standard. To avoid breaching the lien provision, a lien must be released of record or otherwise remedied to the lender's satisfaction. There is no indication that the liens were released, and the lender was unaware of the liens's existence until after Maxey stopped paying.

This also shows the materiality of the lien provision – Fannie Mae is left to determine which liens are valid, which are invalid, which should be released, and what value is left in the collateral.

5.  *Fraud.*

Crawford says that he never agreed to guarantee the loan to Maxey. He says that he signed blank pages after Self told him that his signature was required to underwrite the loan to Maxey.

Assuming this were so, it is no defense to Fannie Mae's claim. Misrepresentations that induce a person to enter a contract with someone other than the maker of the misrepresentations is no defense against the other innocent party to the contract.[1]

6.  *Conclusion.*

Self and Crawford agreed to pay what Maxey owed under the note. Maxey materially breached the agreement and is liable for the deficiency. Self and Crawford are obliged to pay the deficiency. Fannie Mae will recover.

Signed on June 16, 2015, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] 26 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 69:14.